416 A.2d 458

**COMMONWEALTH of Pennsylvania**

v.

**James Alan ROMBERGER, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 23, 1980.

Decided July 3, 1980.

Carl B. Stoner, Jr., Harrisburg, for appellant.

Marion E. MacIntyre, First Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

The case presently before the Court is an appeal from the denial by the trial court of a Motion in Arrest of Judgment requesting dismissal of the charges against the defendant for failure of the Commonwealth to bring him to trial within 120 days of remand of the record pursuant to Rule 1100(e)(2). We find that the trial court properly granted the Commonwealth an extension of time in this case and accordingly, we affirm the holding of the lower court in denying the defendant's Motion in Arrest of Judgment.

On November 6, 1965, the body of Joy Keifer, who had been reported missing on November 4, 1965, was discovered in Wildwood Lake, Harrisburg, Pennsylvania. The appellant, James A. Romberger, was arrested and convicted by a jury of murder of the first degree for the killing of Joy Keifer and a sentence of death was imposed. Direct appeal was taken to this Court with regard to the admissibility of certain oral and written statements made by Romberger. The statements were held to be inadmissible and judgment of sentence was reversed and a new trial ordered. *Common-*

*wealth v. Romberger,* 454 Pa. 279, 312 A.2d 353 (1973) (*Romberger I*). A petition for reargument was filed by the Commonwealth and denied by this Court. The United States Supreme Court granted certiorari and vacated the order of this Court and remanded the matter for further consideration in view of its then recent decision in *Michigan v. Tucker,* 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974). *Pennsylvania v. Romberger,* 417 U.S. 964, 94 S.Ct. 3166, 41 L.Ed.2d 1136 (1974).

Upon further consideration, this Court concluded that the rule laid down in *Michigan v. Tucker, supra,* did not mandate a result different from that previously reached and the original order of retrial was reinstated. *Commonwealth v. Romberger,* 464 Pa. 488, 347 A.2d 460 (1975) (*Romberger II*). The retrial resulted in a second conviction of murder of the first degree and a sentence of life imprisonment was imposed. Again, direct appeal was taken to this Court from the ruling of the trial court which allowed the use at trial of a written confession. The confession was held to be inadmissible: the conviction was reversed and a third trial ordered. *Commonwealth v. Romberger,* 474 Pa. 190, 378 A.2d 283 (1977) (*Romberger III*).

From *Romberger III,* the record was remanded on October 23, 1977, and, therefore, under Pa.R.Crim.P. 1100(e)(2), trial should have commenced on or before February 20, 1978. Originally, trial was set by the District Attorney for February 15, 1978.

On January 25, 1978, the District Attorney timely filed a petition with the trial court seeking an extension of time for commencement of trial pursuant to Pa.R.Crim.P. 1100(c). On February 16, 1978, a hearing was held to take testimony and argument on the Commonwealth's petition. Judge Warren G. Morgan granted the petition and extended the time for commencement of trial for three weeks to March 13, 1978. Counsel for the defense then requested a continuance until March 14, 1978. Suppression motions were heard by the court on March 9, 1978. Defense counsel requested a continuance for further trial preparation which was granted with trial commencing on April 17, 1978. The appellant was

convicted for the third time of murder of the first degree and sentenced to life imprisonment.

In *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), this Court laid down the standard to be applied in deciding whether to grant a Commonwealth petition for an extension of time under Rule 1100:

> Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.

Id., 469 Pa. at 222, 364 A.2d at 1349–50.

After a review of both the record in this case and the petition by the Commonwealth, we are satisfied that the Commonwealth has demonstrated by a preponderance of the evidence that the requirements set forth above have been met.

That the Commonwealth exercised due diligence in bringing the defendant to trial is attested to by the mere fact that almost thirteen years had elapsed since the murder and original investigation in this crime. Judge Morgan observed in his opinion denying the motion below that "[a]fter thirteen years, an extension of only three weeks to continue the criminal investigation confirms rather than impugns the diligence of the District Attorney." This is especially true where incriminating oral and written statements made by the defendant which were used and significantly relied upon by the Commonwealth in the first two trials were, by decisions of this Court, no longer available for use at trial.

The record indicates that the Commonwealth did not re-open the investigation in the case until more than ninety days after remand while deciding whether to appeal *Romberger III* to the United States Supreme Court. The defendant argues that due diligence is hardly shown by wait-

ing approximately ninety days after the remand of the case to re-open the investigation of a murder case tried twice before. This argument, however, fails to recognize the fact that because of the complex nature of the case and because of three decisions of this Court in the case, a thorough review of all appellate issues was made and there was extended deliberation whether the decision of this Court in *Romberger III, supra,* should be appealed to the United States Supreme Court. The District Attorney engaged in a continuing consultation with an expert, a Mr. Zagel in Chicago, in the matter, and the final decision was not made until close to the expiration of the period in which to appeal to the U.S. Supreme Court. (The United States Supreme Court Rules allow a petition for writ of certiorari to review the judgment of a State Court of last resort in a criminal case within ninety days of the entry of the State Court judgment. U.S.Sup.Ct. Rule 22, 28 U.S.C.A.)

After deciding against appeal to the U.S. Supreme Court, the District Attorney, just three business days after the appeal time expired, and before the expiration of the time for commencement of trial, filed the petition for extension. It was also at this time that the Commonwealth requested the assignment of a Pennsylvania State Trooper to re-open the investigation of the case.

We are of the opinion that this course of events does constitute due diligence on the part of the Commonwealth and does not begin to approach the evil to be avoided in Rule 1100 cases, *arbitrary* delay. It is on the facts of *this* case, where the legal issues posed by the *Romberger* line of cases were considered repeatedly by this Court and once by the United States Supreme Court and where, had the holding of *Romberger III* been overturned on appeal, the necessity of re-opening investigation would have been obviated, that a finding of due diligence is appropriate. As a corollary to the above, it may also be noted that to impose a requirement of immediate investigation on remand in the instant case would be a consummate waste of taxpayer money and police resources. The business of criminal prosecution involves the weighing of alternatives in hope of following the most

propitious path and Rule 1100 contemplates this decision-making process, often a time-consuming one. "Due diligence is the most that should be expected from the district attorney and if, despite such efforts, he cannot prepare for trial within the prescribed period, an extension is permissible." *Commonwealth v. Mayfield, supra,* 469 Pa. at 218, 364 A.2d at 1347. It must be noted also that at the hearing held on the Commonwealth's petition for extension, the testimony offered established other reasons for the requested extension in addition to the time taken up in deciding whether to appeal. From the record, it appears that the pathologist in the case, Dr. Brayson, had re-located to Canada and was not anxious to return for another trial. It was also alleged that there was difficulty in obtaining another witness.

Turning now to the second requirement laid down in *Mayfield,* we are satisfied that the case was properly re-scheduled for the earliest date consistent with the court's business. The opinion of Judge Morgan best summarizes the state of the criminal calendar of the Court of Common Pleas of Dauphin County at the relevant period:

The calendar in Dauphin County provides for a week of criminal jury trials each month in addition to a Miscellaneous Court day in each non-trial week for criminal pleas and waivers. Because of an unexpected extended civil case, one less judge than the usual number were available for jury trials in January and to further add to the problem, heavy snow closed the courthouse for two full days out of the week. The cases that could not be tried at this session for the foregoing reasons were put over and added to the list for the February session which began on February 13, 1978. On February 8, 1978, a scheduled Miscellaneous Court for pleas and waivers had to be cancelled because of another winter storm and these cases also were added to the February list. All of these cases could not be tried at the February session. The District Attorney, having demonstrated at the hearing on his petition that certain January cases also involved Rule 1100 considerations and other cases of serious ·nature were ready for trial, it was not reasonable to insist on a

February trial date, especially since the trial at the March session required a short extension of only three weeks. *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978).

From the finding of the trial judge of scheduling difficulties, recounted above, we conclude that the rescheduling of the instant case on March 13, 1978 at the March session was the earliest date consistent with the court's business.

Judgment of sentence affirmed.

ROBERTS, J., concurs in the result.