421 A.2d 1129

**COMMONWEALTH of Pennsylvania**

v.

**Joseph CROWLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 15, 1980.

Petition for Allowance of Appeal Granted Feb. 23, 1981.

Arthur J. King, Assistant Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and ROBERTS, JJ.*

ROBERTS, Justice:

Appellant Joseph Crowley contends on this appeal that his Rule 1100 rights have been violated, and that his trial counsel was ineffective for failing to protect those 'rights. We agree, and accordingly reverse appellant's conviction.

A criminal complaint charging appellant with possessing implements for escape was filed on July 21, 1976. On January 7, 1977 the Commonwealth petitioned for an extension of time for commencement of trial pursuant to Rule 1100, claiming that no courtrooms were available before January 17, 1977, the 180th day. A hearing to consider this Commonwealth petition was scheduled for January 27. Appellant's counsel, however, did not appear at the hearing. As a result, the Commonwealth's uncontested petition was granted. Appellant was subsequently convicted and sentenced.

Represented by new counsel on appeal, appellant claimed that trial counsel was ineffective for failing to protect his Rule 1100 rights. This Court remanded the case for an evidentiary hearing, explaining:

* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania, is sitting by designation.

"If on remand it is determined that counsel's decision not to contest the petition was reasonable, and not based on neglect, then counsel should not be held ineffective. If, however, it is determined that counsel had no reasonable basis for his failure to object, and that an objection would have been arguably meritorious, then the lower court should find counsel ineffective and award appellant a hearing on the petition. If, following such a hearing, the court determines that the extension was properly granted, then the judgment of sentence should be affirmed. If, however, the court determines that the extension should not have been granted, then the charges against appellant should be dismissed and appellant should be discharged."

*Commonwealth v. Crowley*, 259 Pa.Super. 204, 213–14, 393 A.2d 789, 793 (1978) (footnote omitted). On remand, the court of common pleas found that trial counsel's failure to appear resulted from "inattention or oversight." Indeed, trial counsel testified at the evidentiary hearing that he failed to oppose the Commonwealth's petition because his secretary quit and the proper papers were misplaced. The court concluded, however, that counsel was effective because even if he had opposed the Commonwealth's petition, it would properly have been granted. The court rested this conclusion on its view that the judicial delay which prompted the Commonwealth to seek the extension was a permissible delay.

It is the law in Pennsylvania that an extension under Rule 1100(c) may only be granted if "trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided." *Commonwealth v. Mayfield*, 469 Pa. 214, 222, 364 A.2d 1345, 1349 (1976). This rule is based upon the recognition that "calendaring of cases lies ultimately within the power and responsibility of the trial court." *Id.*, 469 Pa. at 218, 364 A.2d at 1347–48; see ABA Standards Relating to the Function of the Trial Judge

§ 3.8(a) (Approved Draft, 1972). Imposing a mandatory time requirement upon those entrusted with the responsibility of managing court calendars will stimulate the expeditious disposition of criminal cases. *Commonwealth v. Hamilton,* 449 Pa. 297, 308, 297 A.2d 127, 133 (1972).

■ The court of common pleas held that judicial "delay" is permissible when it results, as is claimed here, from a backlog in the court system. Such a reason, standing alone, however, cannot justify an extension under Rule 1100. This rule was promulgated, in part, as a response to trial delays caused by the existence of case backlogs. See *Commonwealth v. Hamilton,* supra, 449 Pa. at 306, 297 A.2d at 131–32. To now hold that a backlog excuses delay would be contrary to the very objectives of our Rules of Criminal Procedure.

■ In any event, the court of common pleas did not conclude that the judicial "delay" could not have been "avoided" as required by *Mayfield.* There is nothing in the opinion of the common pleas court or the record to suggest, for example, that appellant's case could not have been scheduled for trial ahead of other cases which did not suffer similar Rule 1100 problems. Recognizing that the Commonwealth has the burden of proving by a preponderance of the evidence that the requirements of Rule 1100(c) have been satisfied, *Commonwealth v. Ehredt,* 485 Pa. 191, 194, 401 A.2d 358, 360 (1979), we accordingly must conclude that the judicial "delay" here did not justify the time extension granted the Commonwealth.

■ We must now inquire whether trial counsel's failure to oppose the Commonwealth petition for extension renders his representation ineffective. It is beyond cavil that "counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). Trial counsel, as noted, admitted that his inaction resulted not

from considerations of trial strategy, but rather from neglect. And on this record we are unable to find any reasonable basis upon which counsel here might have "elected" to forego a *meritorious* claim. It must therefore be concluded that trial counsel was ineffective in not seeking discharge under Rule 1100.

Accordingly, we reverse appellant's conviction and discharge appellant.

WICKERSHAM, J., files a dissenting statement.

WICKERSHAM, Judge, dissenting:

I dissent.

I would affirm the judgment of sentence on the opinion of the learned trial judge, the Honorable Milton O. Moss.