431 A.2d 936

**COMMONWEALTH of Pennsylvania**

v.

**Gary ROMAN, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 2, 1981.

Decided July 2, 1981.

Jesse E. Shearin, Jr., Greenville, for appellant.

Ross E. Cardas, Asst. Dist. Atty., Mercer, for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

 

## OPINION OF THE COURT

O'BRIEN, Chief Justice.

This is an appeal from a denial of relief and dismissal of appellant's petition which was filed pursuant to the Post Conviction Hearing Act.[1]

On or about October 13, 1973, Mark Chancellor was shot through the heart and buried in a shallow grave in Mercer County, Pennsylvania. The victim had been seeking admission to the Breed Motorcycle Club, and arrived at a farm in Mercer County for an initiation. Apparently, an altercation developed between the victim and various members of the motorcycle gang and ended in Chancellor's death.

Appellant, Gary Roman, was charged in connection with the homicide, and was brought to trial on October 22, 1974, in Mercer County. A jury found him guilty of second degree murder. Following the denial of post-trial motions, the trial judge imposed a sentence of ten-to-twenty years.

Appellant's direct appeal resulted in a reversal of his judgment of sentence and remand for a new trial because of the admission at his first trial of prejudicial evidence. *See Commonwealth v. Roman,* 465 Pa. 515, 351 A.2d 214 (1976). On retrial, appellant was convicted of second degree murder and was again sentenced to a term of imprisonment of ten-to-twenty years. Appellant perfected a direct appeal of that judgment of sentence to this Court where we dismissed all issues except one as being devoid of merit. We considered the remaining issue to be waived and affirmed the judgment of sentence. *See Commonwealth v. Roman,* 478 Pa. 619, 387 A.2d 661 (1978).

Thereupon, appellant filed a PCHA petition, which was later amended by court-appointed counsel. In his amended petition, appellant raised numerous issues, including four counts of ineffective assistance of counsel. Appellant limited testimony at an evidentiary hearing on October 25, 1979, to the ineffective assistance of counsel issues, thereby abandoning all other grounds for post-conviction relief. After

1. Act of January 25, 1966, P.L. 1580, 19 P.S. § 1180–1 *et seq.*

the submission of briefs, the hearing judge dismissed appellant's petition and denied relief. It is from that Order of July 28, 1980, that this appeal ensues.

Initially, appellant contends that trial counsel was ineffective for failing to file a petition to dismiss for a violation of Pa.R.Crim.P. 1100. This Rule, as we have reviewed innumerable times, mandates:

"(a)(1) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed.

"(a)(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

Pa.R.Crim.P. 1100(a)(1) & (a)(2). If a case is not called to trial within the designated time period, and if the Commonwealth does not petition for an extension of time, a defendant may apply for an order dismissing the charges with prejudice. Pa.R.Crim.P. 1100(f). However, Rule 1100 provides for the extension of the time period in two ways. According to Pa.R.Crim.P. 1100(c):

"(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

In addition to a timely application for an extension of the time in which to commence trial, certain periods of delay are automatically excluded from the running of the time period under Pa.R.Crim.P. 1100(d)(1) and (2). These automatic

exclusions encompass any period of delay which results from the unavailability of the defendant or his attorney or that part of any defense continuance which exceeds thirty days.

Herein, the criminal complaint charging appellant with murder was filed on November 5, 1973, by the Pennsylvania State Police. Appellant, having left the Commonwealth shortly after Chancellor's death, was arrested in New Jersey on other charges on November 13, 1973. At the arraignment on the other charges, appellant was informed of the outstanding murder charges lodged against him in Pennsylvania. Appellant was incarcerated in New Jersey from November 13, 1973, until July 16, 1974, when he was sentenced on the charges for which he was imprisoned. The Pennsylvania authorities finally tried appellant in the instant case on October 22, 1974, 351 days after the complaint was filed.

In order to comply with the mandate of Rule 1100, appellant must have been brought to trial by August 2, 1974, 270 days from the filing of the complaint. The Commonwealth did not do so and did not file a petition seeking an extension of time in which to try appellant. The prosecution reasoned that the period of time during which appellant was incarcerated in New Jersey and under the control of the authorities there constituted ". . . such period of delay . . . as results from . . . the unavailability of the defendant . . .," Pa.R. Crim.P. 1100(d)(1), and was automatically excluded from the time period in which appellant had to be tried.

In order for time during which a defendant is incarcerated in another jurisdiction to be excluded pursuant to Pa.R.Crim.P. 1100(d)(1), the Commonwealth must prove by a preponderance of the evidence that, despite due diligence, the presence of the defendant could not be secured. *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977), *Commonwealth v. Kovacs*, 250 Pa.Super. 66, 378 A.2d 455 (1977).

A review of the record evinces a finding of due diligence by the Commonwealth in attempting to acquire

custody of appellant for prosecution in Pennsylvania. The District Attorney in Mercer County, Joseph J. Nelson, contacted the Deputy Secretary of the Commonwealth of Pennsylvania to initiate extradition proceedings on December 7, 1973. After several communications among the Deputy Secretary, Nelson, the Pennsylvania Bureau of Corrections, and appropriate New Jersey authorities, Nelson requested delivery of appellant to Pennsylvania authority pursuant to the Interstate Agreement on Detainers Act.[2] After denial of said request, Nelson contacted Governor William P. Cahill of New Jersey on behalf of Pennsylvania Governor Milton Shapp, again requesting delivery of appellant to Pennsylvania officials. A negative response from the Governor of New Jersey was received on February 19, 1974, reiterating their position that custody of appellant would not be transferred until the disposition of the charges against him. These prompt attempts by the Commonwealth to secure custody of appellant are more than enough evidence to establish due diligence by the Commonwealth. The time period in which the Commonwealth attempted to extradite appellant, December 7, 1973, until July 18, 1974, when the New Jersey authorities surrendered the appellant, was 223 days. When excluded from the 351 day period that ran between the filing of the complaint and the commencement of trial, it is obvious that appellant was tried well within the mandate of Pa.R.Crim.P. 1100(a)(1). Consequently, there was no meritorious Rule 1100 issue to be raised by trial counsel.

Appellant agrees that the current law in this Commonwealth would support a finding that he was unavailable for prosecution in Pennsylvania during the above-stated time. Further, he concedes that said period of delay would be automatically excluded from the running of his trial date. *Commonwealth v. Millhouse*, 470 Pa. 512, 368 A.2d 1273 (1977). However, appellant argues that at the time of his trial in October, 1974, the law concerning Pa.R.Crim.P. 1100(d)(1) was undeveloped and this section was subject to

2. Act of September 8, 1959, P.L. 829, § 1–8 (19 P.S. § 1431–38).

interpretation. He therefore contends that his counsel could have, and should have, argued that such exclusions as provided in Pa.R.Crim.P. 1100(d)(1) required the filing of a petition for an extension of time by the Commonwealth. Appellant therefore claims that his trial counsel was ineffective for not advancing a position of arguable merit.

The standard of reviewing ineffectiveness claims is firmly established in this Commonwealth. When the reviewing court is able to demonstrate that a ". . . particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests . . ." then counsel's assistance must be considered constitutionally effective. *Commonwealth v. Sisco*, 482 Pa. 459, 393 A.2d 1197 (1978); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 601, 235 A.2d 349, 352 (1967). Before we weigh the matter of the reasonable basis for counsel's action, or inaction, we must recall that:

"[b]ecause counsel does not forego an alternative which offers a substantially greater potential for success when he fails to assert a baseless claim, counsel cannot be found to have been ineffective for failing to make such an assertion." *Commonwealth v. Hubbard*, 472 Pa. 259, 278, 372 A.2d 687, 696 (1977), and cases cited therein.

Having duly considered appellant's argument, we reject it as non-meritorious. We do not concur in his belief that the language of Pa.R.Crim.P. 1100(d)(1) is subject to any interpretation. Section (c) states that a petition is necessary in order for the Commonwealth to receive an extension of time in which to commence trial. Section (d) clearly and unequivocally provides for the exclusion of certain periods of delay when determining the period for the commencement of trial. These statutory provisions are unambiguous and negate on their face any suggestion that the exclusions cited in section (d) are only granted upon the filing of a petition pursuant to section (c). Counsel will not be deemed ineffective for not pursuing fruitless gestures such as appellant proposed herein.

■ Appellant cites as another basis for relief the ineffectiveness of trial counsel for advising him not to testify at the second trial. Employing the standard we have outlined above, we must seek some reasonable basis for the trial attorney's decision to recommend that his client remain silent. At the PCHA evidentiary hearing, trial counsel testified that while the ultimate decision to testify rested with appellant, he advised his client not to take the witness stand. This tactical decision was based on several factors. Appellant's testimony at the first trial was a matter of record and could serve as a tool of impeachment for the prosecutor if he deviated therefrom. Second, certain prejudicial evidence had been redacted by this Court in appellant's first direct appeal, thereby weakening the case against appellant in the opinion of trial counsel. Furthermore, by testifying, appellant would expose himself on cross-examination to several critical events which he observed, but which could not be supplied by the witnesses available to the Commonwealth.

After considering these reasons, we find that counsel's strategy in advising appellant not to testify had a reasonable basis which was designed to protect and advance his client's interests. Furthermore, we must be wary not to weigh the actual results of the trial strategy in attempting to determine if a reasonable basis existed for counsel's actions. As we have so often stated:

"[t]he test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." *Com. ex rel. Washington v. Maroney, supra,* 427 Pa. at 600, 235 A.2d at 353.

■ Appellant continues his attack on the stewardship of trial counsel by claiming that his representation at the time of sentencing was constitutionally infirm. Specifically, appellant complains that the presentence report upon which the sentencing judge relied was incomplete and inaccurate

and that counsel, at sentencing, failed to allude to these discrepancies and incompletions.

The presentence report is criticized by appellant in three respects: the report indicated appellant was arrested at different times for a drug violation, carrying a concealed weapon, and rape. While appellant does not deny that these arrests occurred, he complains that all of these charges were eventually dropped. The drug charge was dismissed for insufficient evidence and the "weapons" for which he was arrested were steak knives from gas station giveaways.

Counsel testified, in reference to this charge at the PCHA hearing, that he reviewed the report and discussed it with his client, who made no recommendations or suggested any changes or corrections.[3] A supplemental presentence report report from New Jersey stated that the rape charge and other related charges were dropped in exchange for a guilty plea to contributing to the delinquency of a minor. This fact was readily apparent to the sentencing judge and need not have been raised by trial counsel.

The sentencing judge stated in his opinion that he did not place any emphasis on these arrests; rather, he considered the serious nature of crime with which appellant stood convicted. While expounding upon the background and disposition of these arrests surely would not have hurt appellant, the lack of such explanation cannot be viewed as ineffective representation, particularly in light of appellant's numerous other arrests, the seriousness of his conviction, and the recommendations of the parole agents who prepared the presentence investigation that he should be incarcerated.

The final claim of ineffective representation concerns the failure of trial counsel to take exception to a specific comment made by the trial judge during an additional charge to the jury. In response to a question from the jury, the trial judge responded:

3. The presentence reports states that appellant indicated the information contained therein was essentially complete and correct.

"You're a big man physically, you're blocking the door, or at least you're at the doorway. They're going to take this man though, and they wonder what you're going to do, and if you are there, and you expose a gun, if that's what you do, that you had not had exposed before, it's possible that the participants could have encouragement to go forward with that conduct by what you are doing at that moment." (Tr. 221–222)

Appellant argues that the reference to himself as "blocking the doorway" was a material misstatement of fact to which trial counsel should have objected. Counsel did not do so; however, he did include this issue in post-trial motions. The trial judge rejected this issue as waived. Likewise, on appeal to this Court we considered this contention to be waived. Appellant now argues that by deeming it to be waived, we intimated that it was, in fact, meritorious. This is simply wrong. By considering an issue waived, we do not examine the merits at all.

■ We now view the issue to determine if it is, in fact, meritorious. The testimony of the main Commonwealth witness encompassed numerous descriptions of appellant's location in the kitchen. Undeniably, the evidence placed him near the only exterior door in the kitchen. Even so, the trial judge did admit in his opinion there was no evidence that he physically blocked the doorway. Nonetheless, we place equal emphasis on the comment the judge made immediately following the challenged phrase in the charge. The judge qualified the objectionable statement by saying ". . . or at least you're at the doorway . . ." Reading the charge as a whole, as we are bound to do, *Commonwealth v. Woodward*, 483 Pa. 1, 394 A.2d 508 (1978), we conclude that the trial judge accurately reiterated the essential evidence of the case in a fair and impartial manner. Furthermore, the judge completed his charge by emphasizing:

"[y]ou are the finder's of fact. You determine what really happened down there that night."

We therefore conclude that no material misstatement of fact occurred. Rather, the jury was fully and properly charged. Consequently, any objections to the portion of the charge in

question would have been dismissed as lacking merit. As we stated previously, counsel need not protect himself from accusations of ineffectiveness by making every possible objection or motion when they are, in fact, meritless. In light of our above disposition of appellant's claims, we hereby deny the relief requested.

Order affirmed.