474 A.2d 275

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Barry Lee TERFINKO, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 24, 1984.

Decided April 13, 1984.

William H. Platt, Dist. Atty., Henry S. Perkin, Asst. Dist. Atty., Allentown, for appellant.

Lawrence B. Fox, Edward G. Foster, Bethlehem, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

This is yet another Rule 1100 case. Here the Commonwealth appeals by allowance the order of Superior Court, 298 Pa.Super. 640, 445 A.2d 202, affirming the grant of appellee, Barry Lee Terfinko's, Motion in Arrest of Judgment. Lehigh County Court of Common Pleas, *en banc*, had granted that motion based on its opinion that the Commonwealth had not shown due diligence in bringing appellee to trial. The court *en banc* concluded that the Commonwealth was, therefore, not entitled to the extension of time to commence trial which had been granted by the individual judge who had conducted the Rule 1100 hearing.[1] Because the facts of this case, as presented in the Rule 1100 hearing and the memorandum opinion of the hearing judge, demonstrate the Commonwealth had acted with due dili-

1. The memorandum opinion filed after that hearing specifically states: "Since the district attorney is responsible for shepherding approximately 150 cases through the Lehigh County court system in each of

gence, we now reverse Superior Court and allow appellee's conviction to stand.

Appellee was charged by written complaint on July 28, 1979, with criminal charges of loitering and prowling at nighttime. Preliminary arraignment took place on the same date; a preliminary hearing was scheduled by the Magistrate for August 3, 1979. On that date, the hearing was continued in order to permit appellee to obtain counsel. It was then set for August 29, 1979, at which time additional charges involving the possession of marihuana were lodged against defendant.[2] All charges were heard on that date and appellee was bound over for court.

The transcript of appellee's hearing was received by the District Attorney's office on September fifth; the police report was received on September twelfth. On the twentieth of that month the information was prepared. The case was thereupon assigned to a prosecution team on September twenty-first. On October 23rd the information was filed with the Clerk of Courts. Arraignment was waived and an appearance entered by appellee's counsel on November 1, 1979.

There being no trial court of any nature convened in Lehigh County in November of 1979, appellee's case was listed for December sixth in the next trial week. Record, Transcript of Rule 1100 Hearing, February 11, 1980, p. 21. The case was not reached for trial on that date, nor was it reached the next day. It was next listed for trial on January 23, 1980, but not reached during that week. On January 7, 1980, the Commonwealth filed a timely petition to extend the time for trial. Hearing on that petition was set for February 11, 1980.

Appellee's counsel was advised by the Court Administrator on January thirtieth to be in court for trial on February

the ten two-week sessions held annually, a thirty-three day interval [for reviewing and filing an information] does not constitute an extraordinary delay." Record, Memorandum Opinion by Davison, J., filed November 17, 1980, at p. 4.

2. Appellee waived Pa.R.Crim.P. 140(d)(1), which requires a preliminary hearing within three to ten days of preliminary arraignment.

first, one hundred and eighty-six days after the filing of the initial complaint in this case. On that date the Magistrate who had conducted the preliminary hearing was ill and the District Attorney was unable to produce him. Appellee's counsel, after stating that he was ready to go to trial, declined to try the case and to waive the extension hearing on February first, stating he wanted to avail himself "of all possible proceedings open for the benefit of the defendant pursuant to Rule 1100." [3]

At the extension hearing on February eleventh, an Assistant District Attorney testified about the local procedure for listing a case for trial.

We receive the case from the Clerk's office after the transcript is returned by the magistrate. It's then assigned to a team of two Assistant District Attorneys to review for filing of the information or other disposition, depending on the analysis of the Assistant D.A. at that time. After the information is filed an arraignment is set usually within a week or so of the filing of the information so that there is enough time to give notice to the defendant or his attorney and then, because of our rules dealing with the filing of pre-trial discovery and omnibus pre-trial motions, we do not normally list it for thirty days after the arraignment, which is the period of time that motions can be filed and we found in the past that if we list early these motions are filed and the case has to be stricken.

Record, Transcript of Rule 1100 Hearing, pp. 21–22.

Testimony by the Deputy Court Administrator and a member of the Clerk of Courts office for the criminal division clearly demonstrated the limited availability of judges and courtrooms during the trial court sessions of December 1979 and January of 1980. At the conclusion of this hearing, the judge handling the Rule 1100 matter stated:

We have considered the matter and we're satisfied that the Commonwealth has exercised due diligence. The

3. Record, Statements Made in Open Court, February 1, 1980, p. 10.

record may so reflect that we have found and we are entering an Order in the form submitted with the petition. We are going to extend the date to the last day of the next criminal trial session, which is March the 7th of 1980.

Record, Transcript of Rule 1100 Hearing at pp. 49–50. It was this finding by the hearing judge that the court *en banc* reversed on appellee's post-trial motions.

The trial was actually commenced on February 25, 1980, exactly two hundred eleven days after the complaint was filed, and completed on February 26, 1980.

We have but recently considered a similar delay in *Commonwealth v. Crowley*, 502 Pa. 393, 466 A.2d 1009 (1983). There we said:

> Rule 1100 should not be construed to require Common Pleas Courts with back-logged criminal dockets to devote all their administrative and judicial resources to guarantee that every defendant is tried within the period prescribed by the Rule. It should be sufficient for the court to establish that it has devoted a reasonable amount of its resources to the criminal docket and that it scheduled the criminal trial at the earliest possible date consistent with the court's business. While the trial court may be required to rearrange its docket, if possible, when judicial delay has caused a lengthy postponement beyond the period prescribed by Rule 1100, or one that implicates the constitutional right to a speedy trial, it should not be required to do so to avoid a delay of under 30 days as here.

*Id.*, 502 Pa. at 402–03, 466 A.2d at 1014 (footnote omitted).

[1] In the present instance, this case could not have been listed prior to December term and still have provided thirty days notice to the defense. Moreover, in setting the case for December 6, 1979, the prosecutors had left a margin of fifty days before the run-date. In our view such promptness meets the first standard of "due diligence" required by Rule 1100. Furthermore, the record of the Rule 1100

hearing sets forth in detail the activities of the Lehigh County bench and the causes of the court delay required by Subsection (c)(3) of Rule 1100, as explicitly mandated in *Commonwealth v. Mayfield*, 469 Pa. 214, 222, 364 A.2d 1345, 1349–1350 (1976).

It should be noted here that the prosecutor and the court were ready to try appellee's case on February first, just six days after the run-date. At that time, appellee's counsel declined to proceed, stating his desire to preserve Rule 1100 benefits for his client. Record Statements Made in Open Court, February 1, 1980, at p. 9. After the limited extension to March 7, 1980 was granted to the prosecution, the case was tried on February twenty-fifth and twenty-sixth. Thus the last twenty-five days of delay were at least partially attributable to defense strategy. Moreover, the defendant filed no motion under Subsection (f) of Rule 1100 which authorizes him to move for dismissal with prejudice at any time before the beginning of trial on the ground that this rule has been violated.[4]

■ Rule 1100 was adopted by this Court on June 8, 1973 in an attempt to give "practical effect to the United States Supreme Court's observation that state courts could, pursuant to their supervisory powers, establish 'fixed time period[s] within which cases must normally be brought.'" *Commonwealth v. Hamilton*, 449 Pa. 297, 302, 297 A.2d 127, 130 (1972) (quoting *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The United States Supreme Court has, however, continued to eschew the rigidity of such an approach to the Sixth Amendment's right to a speedy trial, preferring instead a totality of the circumstances review. *U.S. v. MacDonald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978); *Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973). As we noted in *Crowley, supra:*

4. The docket does not show and the record does not contain any copy of a Motion for Dismissal, although appellee's Motion for New Trial and in Arrest of Judgment states "3. The Court erred by not sustaining the Defendant's pre-trial motion for dismissal pursuant to Pennsylvania Rule of Criminal Procedure 1100."

In *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court held that it is impossible to determine with precision when a state has denied a defendant's Sixth Amendment right to a speedy trial. The *Barker* Court identified four factors to be considered in determining a Sixth Amendment speedy trial violation: (1) length of delay; (2) reason for delay; (3) defendant's assertion of his rights; and (4) prejudice to the defendant.

*Id.* 502 Pa. at 399 n. 5, 466 A.2d at 1012 n. 5.

 It is evident from the record of the Rule 1100 hearing that the constitutional standard for a speedy trial has been met in this case, and we now decline to exercise a stopwatch approach to the definition of "due diligence". Therefore, we hold the court *en banc* acted incorrectly in separately metering each step in the pre-trial process against the due diligence standard. Rule 1100 provides an overall standard of 180 days, not separate standards for each step. Its due diligence exception should be measured against the whole not its separate parts.

 As we said in *Crowley, supra,*
Rule 1100 should not be construed to require Common Pleas Courts with back-logged criminal dockets to devote all their administrative and judicial resources to guarantee that every defendant is tried within the period prescribed by the Rule.
It should be sufficient for the court to establish that it has devoted a reasonable amount of its resources to the criminal docket and that it scheduled the criminal trial at the earliest possible date consistent with the court's business.

*Id.,* 502 Pa. at 402, 466 A.2d at 1014.

The orders below are reversed and the case is remanded to the Lehigh County Court of Common Pleas for sentencing on the jury verdict.

McDERMOTT, J., files a concurring statement.

NIX, J., files a dissenting opinion.

ZAPPALA, J., files a dissenting opinion.

McDERMOTT, Justice, concurring.

I join in the opinion of the majority. However, I reiterate the view expressed in *Commonwealth v. Crowley,* 502 Pa. 393, 466 A.2d 1009 (1983) (Concurring Opinion, McDermott, J.) that the time has come to modify Rule 1100.

NIX, Chief Justice, dissenting.

A fair reading of the record requires the conclusion reached by the Superior Court that "the Commonwealth failed to establish that it was entitled to an extension because of judicial delay." *Commonwealth v. Terfinko,* 298 Pa.Super. 640, 445 A.2d 202 (1982). (Unpublished Memorandum Opinion). The Commonwealth failed to show that the delay was unavoidable. *See Commonwealth v. Romberger,* 490 Pa. 258, 416 A.2d 458 (1980); *Commonwealth v. Morgan,* 484 Pa. 117, 398 A.2d 972 (1979); *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976). The record does not contain the requisite certification that the extended period was "the earliest date consistent with the court's business." *Commonwealth v. Romberger, supra; Commonwealth v. Morgan, supra; Commonwealth v. Mayfield, supra.* Moreover, the Commonwealth's evidence falls far short in establishing its own due diligence.* *See Commonwealth v. Roman,* 494 Pa. 440, 431 A.2d 936 (1981); *Commonwealth v. Polsky,* 493 Pa. 402, 426 A.2d 610 (1981); *Commonwealth v. Ehredt,* 485 Pa. 191, 401 A.2d 358 (1979); *Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977).

I am therefore constrained to dissent.

ZAPPALA, Justice, dissenting.

Once again this Court has embarked upon a course of "judicial gymnastics". Rule 1100 was promulgated to ensure a defendant's right to a speedy trial and to avoid a

---

* We note for illustration the thirty-three day unexplained delay between the preparation and the filing of the information, which the majority mentions without comment. *See* at 387, 388–390.

case-by-case review to determine whether that right has been violated. Consistently, this Court has ignored the clear mandate of Rule 1100 by a course of judicial amendment without formally adopting or repealing the existing Rule. [*See Commonwealth v. Crowley*, 502 Pa. 393, 466 A.2d 1009 (1983), Zappala, J. dissenting; *Commonwealth v. Green*, 503 Pa. 278, 469 A.2d 552 (1983), Zappala, J. dissenting; *Commonwealth v. Manley*, 503 Pa. 482, 469 A.2d 1042 (1983), Zappala, J. dissenting; and *Commonwealth v. Guldin*, 502 Pa. 66, 463 A.2d 1011 (1983), Zappala, J. dissenting.] Rather than continuing to emasculate a rule promulgated by this Court, this Court should formally repeal the Rule or amend it to provide for the desired result. Without such action, this Court will continue to befuddle not only the accused but also his attorney as to what the Rule really means, resulting in an escalation of litigation. I, therefore, respectfully dissent from the majority opinion for the reasons set forth in my dissent in *Commonwealth v. Crowley, supra.*[1]

---

1. I find it rather peculiar that while some counties in this Commonwealth strive diligently to protect the accused's right to a speedy trial to the exclusion of other judicial matters, other counties continuously fail to undertake any remedial action. It is for the benefit of these latter counties that this Court has created the exceptions to Rule 1100, rather than questioning their operation.