477 A.2d 523

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Wayne KELLER.**

Superior Court of Pennsylvania.

Submitted Nov. 15, 1983.

Filed May 25, 1984.

Eric B. Henson, Deputy District Attorney, Philadelphia, for Commonwealth, appellant.

Thomas C. Carroll, Philadelphia, for appellee.

Before SPAETH, President Judge, and BROSKY and HOFFMAN, JJ.

BROSKY, Judge:

The Commonwealth appeals in this case from an order discharging the appellee and dismissing aggravated assault and related charges that had been brought against him. The order dismissing the charges followed a hearing held on March 9, 1982 to determine whether a Rule 1100(c) petition for an order extending the time for commencement of trial should be granted. The lower court denied the motion and called the case for trial immediately. Because the Commonwealth was unable to proceed, the charges were dismissed and appellee discharged. For the reasons that follow, we reverse.

On May 4, 1981 a criminal complaint was filed charging appellant with simple and aggravated assault, recklessly endangering another person and possessing instruments of

crime, generally. The original Rule 1100 "run date" was October 28, 1981.

Although the record is not clear as to what occurred on August 7, 1981, we will assume *arguendo* that on that date the case was continued at the request of appellee, as the Commonwealth contends and the lower court found.

On October 1, 1981 appellee signed a written waiver of his Rule 1100 rights effective October 1 to December 31, 1981. On October 1 appellee apparently indicated that he wished to represent himself.

The case was listed for trial on December 1, 1981, but appellee was not brought to court on that date, the order directing that he be produced having been sent to the wrong prison. The "bring down" was sent to Graterford, but appellee had been transferred on October 7, 1981 to Camp Hill.

On December 3, 1981 the Commonwealth filed a petition for extension of time.

On January 13, 1982 appellee sent to the court a *pro se* request that the charges be dismissed for failure to comply with Rule 1100. A hearing was held on the Commonwealth's extension petition on January 20, 1982, on which date appellee's dismissal petition was denied and the case was continued to February 21, 1982, presumably because the complainant had not been "brought down".

On February 20, 1982, a Saturday, the case was again listed for trial. Again the complainant was not present.[1]

When the Commonwealth realized on February 20 that the witness was not present, it sought a "forthwith writ" which request was denied, the court noting that the Sheriff would be unable to secure complainant's presence until at least 3:00 p.m.

On Monday, February 22, 1982 the Commonwealth filed another petition for extension and trial was set for March 9,

---

1. No transcript is of record of either the January 20 or February 20 hearings and the record therefore does not reflect what efforts were made by the Commonwealth to see that the "bring down" orders were sent to the correct institutions. The Rule 1100 hearings should have

1982. On that date the complainant was once against not present. The transcript of the March 9 proceedings indicates that the witness was not brought to court because there had been a disturbance at the institution where he was incarcerated, which temporarily halted the travel of prisoners. The Commonwealth maintained that it could not proceed without the witness; the court crier opined that the witness could be produced the next day. Finding a lack of due diligence on the part of the Commonwealth, the court denied the petition for extension.

On March 9, 1982 the issue before the lower court was whether the extension petition filed on February 22 should have been granted. The propriety of earlier extensions was not before the court. See *Commonwealth v. Ryan*, 306 Pa.Super. 159, 452 A.2d 264 (1982) (it is improper for a trial judge to overrule the interlocutory orders of another judge of the same court in the same case.)

The District Attorney explained on March 9 that despite its having requested the presence of the complaining witness on February 20, he was not brought to court. The District Attorney, aware of the Rule 1100 problem, tried to secure the witness' presence again on February 20, but the trial judge refused to issue the "forthwith writ".

The District Attorney explained his inability to proceed on March 9 as being attributable not to any error on the part of his office, but due to the occurrence of a disturbance at the prison where the complainant was incarcerated. Appellee did not dispute this explanation, which was offered also by the court crier.

In *Commonwealth v. Wroten*, 305 Pa.Super. 340, 345, 451 A.2d 678, 681 (1982), we explained the standard which must be met by the Commonwealth if it is to prove its due diligence in bringing a defendant to trial. We wrote:

As long as the Commonwealth acted reasonably, in light of the facts and circumstances as they appeared at the time, the Commonwealth acted with "due diligence", even

been transcribed. See *Commonwealth v. Jones*, 324 Pa.Super. 32, 471 A.2d 109 (1983).

if it appears in hindsight that there were other, possibly more desirable or efficacious methods that might have been tried. (citations omitted).

▇ Furthermore, as we review a ruling of the Common Pleas Court that the Commonwealth has or has not met its burden of proving its due diligence in bringing an accused to trial promptly, we may consider only the evidence presented at the hearing by the Commonwealth and that evidence presented by the defendant which remains uncontradicted. *Commonwealth v. Harris*, 315 Pa.Super. 544, 462 A.2d 725 (1983).

Although the lower court did not explicitly state that it had granted the extension to March 9, its decision to call the case to trial on that date implies that the February 22 petition had been granted.

▇ The court then refused to extend the trial date beyond March 9 finding a lack of due diligence on the Commonwealth's part. With this conclusion, we cannot agree.

Surely the Commonwealth offered a reasonable explanation for its inability to proceed on March 9. We will not hold the Commonwealth, who has properly sought the presence of a witness, responsible for his failure to appear when that failure is attributable to a disturbance at the prison at which he is incarcerated.

As our Supreme Court explained in *Commonwealth v. Genovese*, 493 Pa. 65, 5–70, 425 A.2d 367, 369–71 (1981).

Rule 1100 'serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society,' *Commonwealth v. Brocklehurst*, 491 Pa. 151, 153, 420 A.2d 385, 387 (1980); *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972). In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. *Commonwealth v. Johnson*, 487 Pa. 197 n. 4, 409 A.2d 308 n. 4 (1980).

\*    \*    \*    \*    \*    \*

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 1100 must be construed in a manner consistent with society's right to punish and deter crime. In considering matters such as that now before us, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system.

Moreover, we are unwilling to sanction the dismissal of charges against a defendant who not only did not seek such dismissal, but also concurred in the request for extension.

In *Commonwealth v. Yancey*, 301 Pa.Super. 427, 430 n. 1, 447 A.2d 1041, 1042 n. 1 (1982) we explained:

To establish a Rule 1100 claim, the defendant is obliged to have the lower court rule on its merits prior to trial. The defendant must file either a motion to dismiss under Rule 1100(f) or contest the Commonwealth's petition to extend. Absent pursuit of one of these alternatives, the claim is waived.

The record indicates that the motion to dismiss filed by appellant in January was denied on January 20. No other written motion to dismiss appears in the record.

The Public Defender did indicate on March 9 that it had made such a motion, but even the defender himself suggested that a motion made by him on that date might not be effective, since at the commencement of the March 9 hearing appellee again indicated that he did not wish to be represented by the Public Defender, but instead wished to represent himself. Appellee specifically requested the court to grant the Commonwealth an extension.

Appellee made it clear on March 9 that he did not want "anything to do" with the Public Defender's office. When the court said that it wanted to grant the Motion to Dismiss

which had apparently been made [2] by the Defender, appellee replied: "You ain't got to do that. You don't have to do that. You ain't doing me no favors. You can take this to trial. Give him his extension."

Under these circumstances, the lower court erred in denying the petition for extension to the earliest possible date after March 9, 1982.[3]

Order reversed, charges reinstated and case remanded for trial.

2. Again the record is unclear as to whether such a motion was in fact made.

3. The trial court said in its opinion that its denial of the petition for continuance is justified also by Court Regulation 82–1, a local regulation. We note that Pa.R.Crim.Proc. 6 which governs local rules and regulations provides at (b) that local rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly. As we have explained, Pa.R.Crim.Proc. 1100 permits the Commonwealth to obtain a continuance if it shows that it has exercised due diligence in bringing a defendant to trial. We have found that the Commonwealth did exercise due diligence in attempting to bring appellant to trial and we will not utilize a local rule in such a way as to render the provisions of Rule 1100 meaningless.

While we certainly commend the Philadelphia Common Pleas Court for attempting to eliminate what the trial court opinion termed "needless delays", we cannot agree that a delay caused by a prison riot which made a witness unavailable is "needless".