480 A.2d 332

COMMONWEALTH of Pennsylvania, Appellant,

v.

Domingo FIGUEROA.

Superior Court of Pennsylvania.

Argued March 29, 1984.

Filed Aug. 24, 1984.

Ronald Eisenberg, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Richard Hayden, Assistant Public Defender, Philadelphia, for appellee.

Before BROSKY, WIEAND and McEWEN, JJ.

WIEAND, Judge:

This is an appeal by the Commonwealth from an order dismissing criminal charges of theft by receiving stolen property and unauthorized use of an automobile because of an alleged failure to commence trial within 180 days as required by Pa.R.Crim.P. 1100. We reverse.

Domingo Figueroa was arrested and a criminal complaint filed against him on February 11, 1982. The run date for Rule 1100 purposes, therefore, was August 10, 1982. Defendant was arraigned on March 22, and trial was scheduled

for May 19.  On that day, the defendant was not brought to court from the prison, and trial was continued until June 24. The owner of the stolen vehicle became ill shortly before the next trial date because of complications following childbirth, and trial was continued until August 6.  The Commonwealth issued a subpoena to the victim-owner of the stolen car in early July, but she notified the District Attorney that she would be on vacation on August 6.  Therefore, on July 22, the Commonwealth immediately appeared before the assigned trial judge and specially requested that the trial be relisted for the earliest date consistent with the court's business.  This date the court determined to be September 2, and trial was rescheduled for that date.  Because the new date fell after the August 10 run date, the Commonwealth filed, on July 26, a petition to extend the time for trial under Pa.R.Crim.P. 1100(c).  A motion to dismiss was also filed by the defendant.  Both petitions were heard prior to the scheduled trial on September 2. The court found that the Commonwealth had failed to exercise due diligence and denied the Commonwealth's petition to extend.  The petition to dismiss was granted.

At the extension hearing on September 2, the Commonwealth produced the assistant trial coordinator who testified that on July 22 the earliest dates available in the courtroom to which the case had been assigned were August 31, September 1, and September 2.  He said that there had been four slots open on August 31, one slot open on September 1, and one slot open on September 2.  However, there had been nine cases involving ten defendants scheduled for trial in the same courtroom on July 22, and seven of them had been continued.  Six of the continued cases were relisted for trial in the same courtroom and some were given priority over the instant case.  The evidence also showed that if the Commonwealth had not acted promptly to obtain a relisting when it learned of the unavailability of the victim and had waited until the day of trial on August 6, the earliest available date would have been September 13.

The trial court found, nevertheless, that the Commonwealth had failed to exercise due diligence. The court's opinion suggests that it relied upon the decision of this Court in *Commonwealth v. Crowley*, 281 Pa.Super. 26, 421 A.2d 1129 (1980) to conclude that the Commonwealth, if it had exercised due diligence, would have been able to schedule a retrial of the present case ahead of other cases continued from July 22 which might not have had Rule 1100 problems.

The Superior Court's decision in *Crowley*, however, was reversed by the Supreme Court. See: *Commonwealth v. Crowley*, 502 Pa. 393, 466 A.2d 1009 (1983). In its opinion, the Supreme Court specifically rejected the analysis made by the trial court in the instant case. The Court said:

Rule 1100 should not be construed to require Common Pleas Courts with backlogged criminal dockets to devote all their administrative and judicial resources to guarantee that every defendant is tried within the period prescribed by the Rule. It should be sufficient for the court to establish that it has devoted a reasonable amount of its resources to the criminal docket and that it scheduled the criminal trial at the earliest possible date consistent with the court's business. While the trial court may be required to rearrange its docket, if possible, when judicial delay has caused a lengthy postponement beyond the period prescribed by Rule 1100, or one that implicates the constitutional right to a speedy trial, it should not be required to do so to avoid a delay of under 30 days as here.

*Id.*, 502 Pa. at 402–403, 466 A.2d at 1014 (footnotes omitted). See also: *Commonwealth v. Briggman*, 325 Pa.Super. 333, 472 A.2d 1145 (1984). Subsequently, in *Commonwealth v. Terfinko*, 504 Pa. 385, 474 A.2d 275 (1984), the Supreme Court said that Rule 1100 did not require a court "to exercise a stopwatch approach to the definition of 'due diligence.'" A court acts incorrectly "in separately metering each step in the pre-trial process against the due dili-

gence standard. Rule 1100 provides an overall standard of 180 days, not separate standards for each step. Its due diligence exception should be measured against the whole not its separate parts." *Id.*, 504 Pa. at 392, 474 A.2d at 279.

When the due diligence exception is measured against the overall circumstances of the instant case, it becomes readily apparent that the failure to commence trial within 180 days cannot be attributed to a failure by the Commonwealth to exercise due diligence. Trials scheduled for June 24 and August 6, 1982 had been continued because the victim of appellee's alleged criminal misconduct was not then available. This was not equivalent to a Commonwealth failure to use diligence. See: *Commonwealth v. Keller*, 328 Pa. Super. 436, 477 A.2d 523 (1984); *Commonwealth v. Cottman*, 327 Pa.Super. 453, 476 A.2d 40 (1984); *Commonwealth v. Dancy*, 317 Pa.Super. 578, 464 A.2d 473 (1983); *Commonwealth v. Thompkins*, 311 Pa.Super. 357, 457 A.2d 925 (1983). Indeed, when it became apparent that there might be a Rule 1100 problem because of the victim's unavailability for trial on August 6, the Commonwealth moved immediately to have the trial rescheduled at as early a date as was consistent with the court's business. Trial was then set for September 2. The Commonwealth cannot be charged with failing to exercise due diligence merely because other cases continued from July 22 (not August 6) were rescheduled prior to the case involving Figueroa. The Commonwealth had requested the court to reschedule appellee's trial for the earliest date consistent with the court's business, and the court had set that date as September 2. The record does not suggest that the Commonwealth in any way delayed the trial or failed to exercise due diligence in commencing the same. It was error, therefore, to deny the Commonwealth's request for an extension and to dismiss the criminal action.

Reversed and remanded.

JURISDICTION IS RELINQUISHED.