J-A20011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES KENNEDY | : | No. 2163 EDA 2023 |

Appeal from the Order Entered July 24, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000244-2022

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED JANUARY 31, 2025**

The Commonwealth of Pennsylvania appeals from the order, entered in the Court of Common Pleas of Philadelphia County, granting Charles Kennedy's Motion to Dismiss, with prejudice, pursuant to Pa.R.Crim.P. 600. After review, we affirm on the basis of the well-written opinion authored by the Honorable Shanese I. Johnson.  **See** Trial Court Opinion, 10/26/23, at 1-9.

On August 19, 2021, Kennedy was arrested and charged with drug offenses and violations of the Pennsylvania Uniform Firearms Act.  Thus, as explained by the trial court, his mechanical run date was August 19, 2022. **See id.** at 2-3.  Additionally, the trial court concluded that there were 322 additional days of delay attributable either to the trial court or the defense, which resulted in an adjusted mechanical run date of July 7, 2023.  **See id.** Nevertheless, Kennedy's trial did not begin until August 2, 2023.  **See id.**

Consequently, Kennedy filed his Rule 600 motion, which the trial court granted prior to the start of trial because the Commonwealth failed to act diligently on several dates, thereby causing delay. *See id.* (trial court concluding total of 391 days attributable to Commonwealth delay, and Commonwealth failed to act diligently on 182 of those days).

The Commonwealth filed the instant timely appeal. Both the Commonwealth and the trial court have complied with Pa.R.A.P. 1925. The Commonwealth now raises the following claim for our review: "Did the [trial] court err by dismissing all charges under Rule 600, where fewer than 365 days of includable time passed between the filing of the criminal complaint and the dismissal of the charges?" Commonwealth's Brief, at 6.

In particular, the Commonwealth challenges ten different instances of delay as excludable time.[1] *See id.* at 15-21. The Commonwealth contends that the trial court improperly attributed time to the Commonwealth on the basis that it had failed to prepare a "Firearms Identification Unit" report (FIU report) that "did not exist," failed to secure the testifying officer for multiple hearing dates, and failed to provide a drug lab report in discovery. Commonwealth's Brief, at 15-20.

_____

[1] We note that the trial court only attributed four of the challenged ten instances to the Commonwealth, and the other six were either attributed to the trial court or the defense. *See* Trial Court Opinion, 10/26/23, at 2-9 (9-day delay due to courthouse flooding attributed to court; 61 days over three delays attributed to court where defendant not brought down for preliminary hearing; 32 days attributed to defense for appointment of new counsel; 112 days attributed to defense for new counsel to prepare for trial).

As the trial court has aptly summarized our standard of review and controlling case law, we need not do so here. However, we are cognizant that our Supreme Court recently decided **Commonwealth v. Lear**, 325 A.3d 552 (Pa. 2024). In **Lear**, our Supreme Court created an exception in our Rule 600 precedent and case law, which no longer requires the Commonwealth to act diligently during "other periods of delay," which include, but are not limited to, the COVID-19 pandemic as well as "medical, weather, and security related emergencies."[2] **See id.** at 563; **see also id.** at n.9.

_____

[2] In our view, **Lear** does not abrogate **Commonwealth v. Harth**, 252 A.3d 600 (Pa. 2021). **See Harth**, 252 A.3d at 617 (holding "before a trial court excludes time from its Rule 600 time computation on the basis of 'judicial delay,'" the Commonwealth must "demonstrate that it acted with due diligence"); **see also Lear**, 325 A.3d at 561-63 (distinguishing **Harth** as a narrow exception, explaining that **Harth** does not apply to instances such as COVID-19 pandemic, but otherwise upholding **Harth** and declining to abrogate). Further, in **Lear**, our Supreme Court explained that **Harth** does not apply to "other periods of delay" under Rule 600(C)(1), such as the COVID-19 pandemic, courthouse floods, security issues, or medical emergencies. **See id.** at n.9. As a result, we do not read **Lear** to abrogate **Harth**.

Instantly, the dissent concludes that there are 59 days that are not attributable to the Commonwealth as "other periods of delay" and concludes that, under **Lear**, we need not address the Commonwealth's due diligence. **See** Dissent, at 1-3.

In our view, the dissent's conclusion can only be supported if the **Lear** Court had fully abrogated **Harth**, which it did not. The dissent avoids this conclusion by categorizing 59 days as "other periods of delay." **See** Dissent, at 3. However, this reading ignores the still-valid analysis under **Harth**. Indeed, those 59 days were not the cause of a flood, pandemic, security emergency, or other emergency that otherwise shutdown the courthouse. **See Lear**, 325 A.3d 563 (discussing COVID-19 Pandemic causing statewide shutdown of

*(Footnote Continued Next Page)*

Nevertheless, we conclude that, instantly, the trial court has not run afoul of our Supreme Court's holding in **Lear** because, as explained above, the trial court properly attributed the court delays to the court rather than the Commonwealth and did not otherwise burden its analysis with now-unnecessary due diligence analysis for those delays. **See** Trial Court Opinion, 10/26/23, at 1-9 (discussing and analyzing Commonwealth due diligence for only Commonwealth delays; noting court delays such as flooding and properly attributed time to court).

Mindful of the record, the applicable standard of review, the relevant case law, and the parties' briefs, we affirm on the basis of the trial court opinion. **See id.** at 1-9. Consequently, we afford the Commonwealth no

_____

courthouses and restrictive protocols as outside ambit of **Harth** exception). Rather, the 59 days of delay were not as expansive or extreme as those contemplated in **Lear**. Indeed, as the dissent points out, the trial court concluded that there were two facts that caused the delay on both 9/16/21 and 12/14/21: (1) that the Commonwealth was not ready; and (2) that the defense was not brought down for the preliminary hearing. **See** Trial Court Opinion, 10/26/23, at 6. However, the trial court attributed both of these postponements to the Commonwealth because it failed to act with due diligence. **See id.** We note that these were not the only two postponements where the defendant was not brought down from the jail. **See id.** at 3-4 (summarizing postpones 10/14/21, 11/3/21, and 11/24/21, where defendant was not brought down and concluding these were "court" postponements). Therefore, we conclude that these periods were either Commonwealth delays where the Commonwealth failed to exercise the requisite due diligence, or court delays where the Commonwealth failed to exercise due diligence under **Harth**. Accordingly, we conclude that **Harth** is applicable and that the trial court appropriately attributed those 59 days to the Commonwealth where it was not acting with requisite due diligence.

- 4 -

relief.  The parties are directed to attach a copy of the trial court's opinion in the event of further proceedings.

Order affirmed.

Panella, P.J.E., Joins the Memorandum.

Dubow, J., Files a Dissenting Statement.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>1/31/2025</u>

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF
PENNSYLVANIA

v.

CHARLES KENNEDY

CP-51-CR-0000244-2022

**FILED**

**OCT 26 2023**

Appeals/Post Trial
Office of Judicial Records

**OPINION**

Shanese I. Johnson, J.

## PROCEDURAL HISTORY AND FACTS

On August 19, 2021, a Philadelphia County Criminal Complaint was filed against Charles Kennedy ("Defendant") alleging drug offenses and violations of the Pennsylvania Uniform Firearms Act. Almost two years later, on July 24, 2023, this Court granted Defendant's motion for dismissal of all charges pursuant to Pa.R.Crim.P. 600(A). The intervening procedural history is discussed in depth below. The Commonwealth appeals the dismissal.

## ISSUES RAISED ON APPEAL

The Commonwealth raises the following issues on appeal:

I.      Did the lower court err by dismissing all charges on the ground of an alleged violation of the speedy trial rule, Pa.R.Crim.P. 600, where the Commonwealth demonstrated its due diligence?

II.     To the extent the lower court may have granted the Rule 600 dismissal because the Commonwealth had not produced a non-existent firearms testing report, and the Commonwealth stated that it was prepared to proceed to trial without any such hypothetical report, did the lower court err?

# DISCUSSION

I.     **This Court Did Not Err by Granting Defendant's Motion to Dismiss.[1]**

Under Pa.R.Crim.P. 600(A)(2)(a), the Commonwealth must bring a defendant to trial within 365 days from its filing of the criminal complaint. A violation of this rule requires dismissal of all charges with prejudice. *Id.* at (D)(1).

To assess compliance with Rule 600, the Court must first calculate the mechanical run date. *Commonwealth v. Harth*, 252 A.3d 600, 607 n.7 (Pa. 2021). This is the baseline date trial must ordinarily commence by—365 days after the filing of the complaint. *Id.* If trial postdates this, an adjusted run date is calculated. *Commonwealth v. Ramos*, 936 A.2d 1097, 1102 (Pa. Super. 2007). This is the latest date by which trial can commence and still be compliant with Rule 600. *Id.* It is determined by adding to the mechanical run date all days considered excludable or excusable under the Rule. *Id.* This includes delay caused by the defense or the Court, as well as delay caused by the Commonwealth where the Commonwealth exercised due diligence. *Id.* Whether the Commonwealth acted with diligence is a fact-specific inquiry. *Id.* It is the Commonwealth's burden to establish by a preponderance of the evidence that it acted with due diligence in bringing a defendant to trial throughout all proceedings. *Commonwealth v. Kearse*, 890 A.2d 388, 393 (Pa. Super. 2005). "[T]ime attributable to the normal progression of a case," however, "simply is not 'delay' for purposes of Rule 600." *Commonwealth v. Mills*, 162 A.3d 323, 325 (Pa. 2017).

The complaint in this case was filed on 8/19/21, resulting in a mechanical run date of 8/19/22. Since trial had not then commenced, this Court calculated an adjusted run date of 7/07/23. As set forth below, this date represented the initial 365 days plus an additional 322 days of

---

[1]    The Commonwealth's two assignments of error are treated together in the following Section of the Discussion.

2

excludable and excusable time. Defendant's 8/2/23 waiver trial, however, postdated this adjusted run date by 26 days. Finding that the Commonwealth did not meet its burden of proving by a preponderance of the evidence that it acted with due diligence throughout the life of the case, this Court granted Defendant's 600(A) motion.

The following table sets forth this Court's time calculations. The four, key, contested assignments of time are discussed below [denoted by asterisk in the chart].

| Date of Event | Event | Date of Next Event | Days Until Next Event | Assignment of Time |
|---|---|---|---|---|
| 8/19/21 | Criminal complaint filed; preliminary arraignment | 9/7/21 | 19 | Commonwealth — Preliminary hearing scheduled; normal progression of case |
| 9/7/21 | Preliminary hearing | 9/16/21 | 9 | Court — Court closed for flooding |
| 9/16/21 | Preliminary hearing | 10/14/21 | 28 | * Commonwealth — Preliminary hearing continued; Commonwealth not ready, missing seizure analysis |
| 10/14/21 | Preliminary hearing | 11/3/21 | 20 | Court — Preliminary hearing continued; Defendant not brought down for medical hold. Commonwealth ready |
| 11/3/21 | Preliminary hearing | 11/24/21 | 21 | Court — Preliminary hearing continued; Defendant not brought down for medical hold. Commonwealth ready |
| 11/24/21 | Preliminary hearing | 12/14/21 | 20 | Court — |

| | | | | |
|---|---|---|---|---|
| | | | | Preliminary hearing continued; Defendant not brought down for medical hold. Commonwealth ready |
| 12/14/21 | Preliminary hearing | 1/14/22 | 31 | * Commonwealth — Preliminary hearing continued; necessary police officer failed to appear |
| 1/14/22 | Preliminary hearing | 1/27/22 | 13 | Commonwealth — Defendant held over on charges; normal progression of case |
| 1/27/22 | Formal arraignment | 2/16/22 | 20 | Commonwealth — Scheduling conference calendared; normal progression of case |
| 2/16/22 | Scheduling conference | 6/27/22 | 131 | Commonwealth — Waiver trial calendared; normal progression of case |
| 6/27/22 | Waiver trial | 8/18/22 | 52 | * Commonwealth — Commonwealth request for continuance; missing FIU report |
| 8/18/22 | Waiver trial | 9/19/22 | 32 | Defense — Waiver trial continued; Defender conflict, new counsel appointed |
| 9/19/22 | Waiver trial | 1/9/23 | 112 | Defense — Defense request for continuance; newly appointed counsel not ready |
| 1/9/23 | Waiver trial | 3/21/23 | 71 | * Commonwealth — Advanced request for continuance; necessary police officer unavailable on vacation |
| 3/21/23 | Waiver trial | 4/17/23 | 27 | Defense — |

| | | | | |
|---|---|---|---|---|
| | | | | Request for continuance for further investigation |
| 4/17/23 | 600(A) motion hearing | 5/4/23 | 17 | Commonwealth —<br><br>Advanced Commonwealth email request for continuance |
| 5/4/23 | 600(A) motion hearing | 6/7/23 | 34 | Court —<br><br>600(A) motion held under advisement; parties to submit briefs |
| 6/7/23 | 600(A) motion decision | 7/24 | 47 | Court —<br><br>Court continuance; 5/4/23 Notes of Testimony still unavailable to the parties |
| 7/24/23 | 600(A) motion decision | 8/2/23 | 9 | Commonwealth —<br><br>600(A) motion granted; trial would otherwise have commenced on 8/2/23 and been Commonwealth time as normal progression of case |
| 8/2/23 | Waiver trial | N/A | | |

**Total Excludable/Excusable Time:** 322 days of Court/Defense Time
**Mechanical Run Date:** 365 days past 8/19/21 = 8/19/22
**Adjusted Run Date:** 322 excludable days past 8/19/22 = 7/7/23

*[Opinion Continues on the Following Page]*

5

*i.    Key, Contested, Assignments of Time*

**9/16/21 – 10/14/21 [28 days].** As reflected in the Philadelphia County Municipal Court Criminal Docket MC-51-CR-0015505-2021, at the 9/16/21 preliminary hearing, the Commonwealth lacked seizure analysis of the alleged narcotics. Accordingly, the Honorable Thomas F. Gehret ruled the time attributable to the Commonwealth. This Court saw no reason to overrule that initial assignment. Although Defendant was not brought down due to a medical hold (and thus the preliminary hearing could not have actually proceeded that day), because the Commonwealth was not ready in the room, this time remains the Commonwealth's. *See Commonwealth v. Harth*, 252 A.3d 600, 617 (Pa. 2021) ("Thus, the Commonwealth is required to demonstrate that it acted with due diligence during a time period *before* that period can be deemed excludable.") (emphasis in original). The Commonwealth's lack of seizure analysis demonstrated lack of due diligence, and it failed to argue any facts to the contrary. *See* N/T May 4, 2023, Pgs. 7-8. That the Commonwealth could have proceeded on the firearm charges alone without the seizure analysis is unavailing in support of diligence given that the drug charges against Defendant were not dropped. *See id.* The Commonwealth failed to meet its burden of proving by a preponderance of the evidence that it acted with due diligence. *Commonwealth v. Kearse*, 890 A.2d 388, 393 (Pa. Super. 2005). Thus, this Court did not err by ruling this time attributable to the Commonwealth.

**12/14/21 – 1/14/22 [31 days].** At the 12/14/21 continued preliminary hearing, the Commonwealth was not ready in the room. A necessary witness, Philadelphia Police Officer Rosenbaum, failed to appear. Although Defendant was again not brought down, and thus the preliminary hearing could not have proceeded, the Commonwealth failed to meet its burden of

6

proving that it acted with diligence in securing the officer's presence. N/T May 4, 2023, Pgs. 8-9. While witness unavailability may be a legitimate ground for excluding time under Rule 600(A), *see, e.g., Commonwealth v. Brawner*, 553 A.2d 458, 461 (Pa. Super. 1989), the burden remains squarely on the Commonwealth to prove by a preponderance of the evidence that it acted with diligence in attempting to secure the witness' presence. By failing to advance to this Court an affirmative explanation for Officer Rosenbaum's absence, this Court cannot say that the Commonwealth met its burden of proof sufficient to rule out Commonwealth fault. *See also Commonwealth v. Peterson*, 19 A.3d 1131, 1144-45 (Pa. Super. 2011) (Donohue, J., concurring) ("I believe this Court should state unequivocally that a mere assertion by the Commonwealth that a witness was subpoenaed but was unavailable to appear and testify does not support a conclusion that the resulting period of delay was beyond the Commonwealth's control."). Thus, this Court did not err by ruling this time attributable to the Commonwealth.

**6/27/22 – 8/18/22 [52 days].** At Defendant's first waiver listing on 6/27/22, the Commonwealth had not passed to the defense a Firearms Identification Unit ("FIU") report. This report is typically relied on by the Commonwealth to prove firearm operability, as required to secure convictions under both 18 Pa. C.S. §§ 6106 and 6108. Later, it became clear that no FIU report was ever generated in this case and so could not have been passed to the defense. *See* N/T July 24, 2023, Pg. 5. The ultimate non-existence of any FIU report, however, does not thereby prove Commonwealth diligence. As the Commonwealth itself noted, "[t]he lead charge in this case is [18 Pa. C.S. §] 6105," for which operability is not an element. N/T May 4, 2023, P. 9. At the 6/27/22 listing, the Commonwealth could have attempted to prove firearm operability extrinsically without the FIU report—as it indicated it was prepared to do—or, it could have dropped the §§ 6106 and 6108 charges altogether and merely proceeded on the lead § 6105 charge and the

7

possession with intent to deliver ("PWID") charge—an avenue the Commonwealth also stated it was comfortable with. *Id.* at Pgs. 9-10. Instead, on 6/27/22, the Commonwealth elected to continue the trial and await an FIU report. This was a calculated trial decision. Being very much in the Commonwealth's control, this time is properly attributable to the Commonwealth. *See Commonwealth v. Meadius*, 870 A.2d 802, 807–08 (Pa. 2005) (delays readily within the Commonwealth's control were attributable to the Commonwealth). Moreover, the Defender Association's latent conflict is of no moment. As stated above, the Commonwealth must prove that it acted with diligence before a time period is eligible for exclusion. *See Harth*, 252 A.3d at 617. Here, it did not. And so, this Court did not err by ruling the time attributable to the Commonwealth.

**1/9/23 – 3/21/23 [71 days].** At the 1/9/23 waiver trial listing, the Commonwealth requested a continuance. Officer Rosenbaum was on preplanned vacation and unable to testify. The waiver trial was rescheduled for 3/21/23. At the 600(A) motion hearing, the Commonwealth represented to this Court that prior to the selection of the 1/9/23 waiver date, officer vacation schedules were checked, and Officer Rosenbaum was not shown as being on vacation on 1/9/23. N/T May 4, 2023, Pgs. 11-12. On its own, however, this representation was insufficient to meet the Commonwealth's burden of proof. While witness unavailability may be a legitimate ground for excluding time, *see, e.g., Brawner*, 553 A.2d at 461, the Commonwealth bears the burden of proving by a preponderance of the evidence that it acted with diligence. Here again, by failing to proffer an affirmative explanation for this scheduling error—be it a technological glitch or the police officer's untimely vacation request—this Court cannot say the Commonwealth met its burden of proof sufficient to rule out Commonwealth fault. Thus, this Court did not err by ruling this time attributable to the Commonwealth.

8

## CONCLUSION

Based on the foregoing, this Court respectfully requests that its judgments be affirmed.

BY THE COURT:

_____

Hon. Shanese I. Johnson