J-A18001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIFFANY MAGALI COLLINS | : | |
| | : | |
| Appellant | : | No. 2145 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 19, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005069-2023

BEFORE:  OLSON, J., DUBOW, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                          **FILED APRIL 17, 2026**

Appellant, Tiffany Magali Collins, appeals from the judgment of sentence entered on July 19, 2024, in the Criminal Division of the Court of Common Pleas of Delaware County.  We affirm.

On March 26, 2022, Trooper Quinton Bryant of the Pennsylvania State Police (PSP), hereafter Tpr. Bryant, stopped Appellant for suspicion of driving under the influence.  While in police custody, it was discovered that Appellant had an active warrant in Philadelphia, and she was subsequently transported and released to the Philadelphia Sheriff's Office.  The Commonwealth filed a criminal complaint on April 14, 2022, charging Appellant with driving under the influence - incapable of safe driving (75 Pa.C.S.A. § 3802(a)(1)), false identification to law enforcement (18 Pa.C.S.A. § 4914), and related offenses. Appellant accepted service of the summons 35 days later, on May 19, 2022. **See** Trial Court Opinion, 11/13/24, at 2 ¶ 4.

Appellant's first scheduled court appearance before the magisterial district court occurred on October 3, 2022, 137 days after she accepted service of the summons. On that date, Appellant was placed on unsecured bail, and her preliminary hearing scheduled for that date was continued for 147 days to February 27, 2023, due to Tpr. Bryant's absence. Ultimately, after several subsequent continuances, Appellant's preliminary hearing was held on October 30, 2023, whereupon her charges were bound over to the trial court.

Appellant was formally arraigned on December 6, 2023, and a pre-trial conference was set for on December 27, 2023. At the pre-trial conference, trial was initially scheduled for January 29, 2024. On January 29, 2024, Appellant requested a continuance, and trial was then scheduled for March 4, 2024, 35 days later. As her second trial date approached, Appellant filed a motion to dismiss pursuant to Pa.R.Crim.P. 600 on March 1, 2024. Appellant's motion alleged that the Commonwealth failed to exercise due diligence and that any judicial delay could not be excluded from the speedy trial calculation.[1]

A hearing on Appellant's Rule 600 motion was held on April 5, 2024. At the outset of the hearing, defense counsel conceded that the period between issuance and acceptance of the summons was not includable but argued that all other time should count against the Commonwealth. *See* N.T. Hrg., 4/5/24, at 5. During the hearing, the Commonwealth called three witnesses: (1) Dawn Shemeleuk, the court coordinator and office manager for the

---

[1] There were 687 days between the filing of the criminal complaint and Appellant's Rule 600 motion.

magisterial district court; (2) Assistant District Attorney (ADA) Nicholas T. McGuire; and, (3) Tpr. Bryant. At the conclusion of the hearing, the trial court scheduled a status conference for May 28, 2024. At the same time, defense counsel agreed that time attributable to resolution of the Rule 600 motion did not count against the Commonwealth. *See id*. at 57-58. On June 13, 2024, after the parties filed supporting briefs, the trial court denied Appellant's Rule 600 motion. On June 28, 2024, the case was scheduled for a stipulated non-jury trial to commence on July 19, 2024. On that date, Appellant was found guilty of both DUI and false identification to law enforcement; she received an aggregate sentence of one year of probation. *See* Verdict, 7/23/24. This timely appeal followed. Both the parties and the trial court have complied with Pa.R.A.P. 1925.

> Appellant raises the following question for our review.
>
> Whether the trial court erred as a matter of law and abused its discretion when it denied Appellant's motion to dismiss based on a violation of Rule 600 when the Commonwealth failed to exercise due diligence in prosecuting the case at the magisterial district court level where it languished for over 564 days?

Appellant's Brief at 3.

Appellant asserts that the trial court erred and abused its discretion in denying her motion to dismiss under Rule 600 because the Commonwealth failed to exercise due diligence while the case was pending before the magistrate. During that period, Appellant claims that all continuances which occurred because of Tpr. Bryant's absences (due to his off-duty status) were

- 3 -

includable because the Commonwealth failed to exercise due diligence by more aggressively seeking earlier hearing dates or by locating a more accommodating forum. Further, Appellant claims that continuances caused by her own absences, resulting from her incarceration on other matters, should also count against the Commonwealth because it failed to exercise due diligence in locating her and arranging transport. For these reasons, Appellant asks us to vacate her convictions and discharge her from criminal prosecution.

The Commonwealth responds by noting that 687 days elapsed between the filing of the criminal complaint and the submission of Appellant's Rule 600 motion. *See* Commonwealth Brief at 10. "Of those 687 days, 445 are attributable to delays that are either excludable or excusable, as the Commonwealth exercised due diligence and the delays were due to circumstances beyond its control." *Id*. With the exclusion of those periods, together with other periods which were not subject to inclusion for speedy trial purposes by stipulation of defense counsel, the Commonwealth maintains that it brought Appellant to trial within 242 days and that it therefore complied with its obligations under Rule 600. *See id*. Hence, the trial court did not abuse its discretion in denying Appellant's motion.

Our standard and scope of review in analyzing a Rule 600 issue are well-settled.

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon

facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review ... is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

Rule 600 provides, in relevant part, as follows:

Rule 600. Prompt Trial

(A) Commencement of Trial; Time for Trial

...

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

- 5 -

...

(C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall [not be included in] the computation.

...

Pa.R.Crim.P. 600.

Generally, Rule 600 requires that a defendant be brought to trial within 365 days of the filing of the criminal complaint. Pa.R.Crim.P. 600(A)(2)(a). However, a defendant is not automatically entitled to discharge under Rule 600 where trial starts more than 365 days after the filing of the complaint. Rather, Rule 600 provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all [time periods which are not properly included in the time computation]. The adjusted run date is calculated by adding to the mechanical run date, *i.e.*, the date 365 days from the complaint, [all time that is not properly included in the time calculation, including periods of delay caused by the defendant and delays caused by circumstances beyond the Commonwealth's control and despite its due diligence]." Pa.R.Crim.P. 600(C)(2). Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth. Due diligence includes, *inter alia*, listing a case for trial prior to the run date, preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600. Periods of delay caused by the Commonwealth's failure to exercise due diligence must be included in the computation of time within which trial must commence.

Pa.R.Crim.P. 600(C)(1).

- 6 -

***Commonwealth v. Moore***, 214 A.3d 244, 247-250 (Pa. Super. 2019)

(internal citations omitted).[2]

_____

[2] In 2012, our General Assembly adopted a new version Rule 600, which became effective on July 1, 2013. ***See Commonwealth v. Wiggins***, 248 A.3d 1285-1289 (Pa. Super. 2021), *appeal denied*, 263 A.3d 546 (Pa. 2021). In substance, the newly-adopted version of Rule 600 remains the same as the prior version: a case must be called to trial within 365 days from the date on which the criminal complaint was filed. ***See*** Pa.R.Crim.P. 600(A)(2)(a). Pennsylvania case law has employed the term "mechanical run date" to refer to the period between the filing of a criminal complaint and the point in time 365 days after a complaint is filed. ***See Commonwealth v. McNear***, 852 A.2d 401 (Pa. Super. 2004). "If the defendant is not brought to trial within the time required by the rule, he or she may, at any time before trial, file a written motion seeking dismissal of all charges with prejudice." ***Wiggins***, 248 A.3d at 1288, *citing* Pa.R.Crim.P. 600(D)(1).

Under the prior version of Rule 600, the mechanical run date was subject to adjustment by the calculation of time falling into two, distinct categories: "excludable time" and "excusable delay." ***Wiggins***, 248 A.3d at 1288. Pre-amendment case law explained that excludable time was delay attributable to the defendant or his counsel and excusable delay occurred due to circumstances beyond the Commonwealth's control and despite its exercise of due diligence. ***Id***. (citation omitted). Charges were subject to dismissal if, after subtracting all excludable and excusable time, the defendant had not been brought to trial before the adjusted run date. ***See id***.

"The new Rule 600 eliminated the distinction between these two buckets of removable calculable time. Under its new verbiage, periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence forms the basis of what is [now referred to] as includable time." ***Id***. at 1289, *citing* Pa.R.Crim.P. 600(C)(1). "[A]ll other periods of delay are excluded from the Rule 600 calculation." ***Wiggins***, 248 A.3d at 1289.

Although our decision in ***Moore*** accurately states the substance of Pennsylvania speedy trial law, we acknowledge the foregoing recent changes to our terminology. As such, we have applied the teachings of ***Moore*** to the facts before us but have referred to periods of delay caused by Appellant and
*(Footnote Continued Next Page)*

- 7 -

Here, the complaint was filed on April 14, 2022. Accordingly, the mechanical run date was April 14, 2023. The stipulated trial in this matter took place on July 19, 2024. Appellant conceded that the delay between the issuance and acceptance of her criminal summons was not subject to inclusion in the Rule 600 calculation. It is also undisputed that Appellant requested a continuance on January 29, 2024 (her first scheduled trial date) and that the ensuing period that elapsed during the pendency of Appellant's Rule 600 motion, and the brief period that elapsed immediately before trial, would not count against the Commonwealth. As such, we shall focus on the disputed periods of delay which Appellant cites as support for her request for a discharge pursuant to Rule 600.

**October 3, 2022 - May 8, 2023 and September 25, 2023 – October 2, 2023; 224 days**

The trial court found that Tpr. Bryant's absence from Appellant's scheduled preliminary hearings on these dates was not due to the Commonwealth's lack of due diligence, but instead to his off-duty status and scheduling, and overtime policies within PSP. We perceive no error or abuse of discretion in this finding.

---

periods of delay caused by circumstances beyond the Commonwealth's control (and despite its due diligence) as periods not subject to inclusion in the speedy trial time calculation.

Where a police officer is unavailable to attend court proceedings due to internal police scheduling policies or procedures, time delays are deemed beyond the Commonwealth's control and extensions are characterized as time not subject to inclusion in the speedy trial calculation. ***See Commonwealth v. Brawner***, 553 A.2d 458 (Pa. Super. 1989). At Appellant's Rule 600 hearing, Tpr. Bryant testified that he was aware of the scheduled hearing dates but did not appear because he was off duty and his patrol sergeant had not approved overtime. He also explained that his sergeant controlled his work schedule and provided it to the court nearly two months in advance. Thus, the court was on notice of Tpr. Bryant's unavailability when it set hearing dates but persisted in setting hearing dates when Tpr. Bryant was unavailable.[3]

The testimony of Dawn Shemeleuk, the administrator for the district magistrate, established that the district court held preliminary hearings for defendants with appointed counsel once a week on Mondays. She also confirmed that the court, not the parties, set the hearing dates following

---

[3] Tpr. Bryant requested the continuance granted on February 27, 2023 before the arrival of the prosecuting attorney. Because the case was not called, the assigned district attorney did not have the opportunity to address the magistrate regarding an earlier date.

We are unable to assess Appellant's claim which argues that the record does not show that Tpr. Bryant asked for overtime so that he could attend Appellant's preliminary hearing. As the Commonwealth correctly points out, this contention requires that we view the record in the light most favorable to Appellant, which we cannot do. ***See*** Commonwealth's Brief at 15, n. 10.

continuances. ADA McGuire confirmed that the magistrate's office generally set preliminary hearing dates.

Appellant cites **Commonwealth v. Browne**, 584 A.2d 902 (Pa. 1990) and **Commonwealth v. Payton**, 673 A.2d 361 (Pa. Super. 1996) to suggest that the Commonwealth was not diligent because it lacked a tracking system for cases pending before a district magistrate. We are not persuaded by this argument. Inadequate case tracking procedures do not appear to be the problem in this case: the prosecutor and the affiant were both aware of the hearing dates, but the hearings were scheduled on dates the magistrate should have known the affiant was unavailable due to his off-duty status. Since the district magistrate, not the parties, set hearing dates following continuances, better case tracking would not have resolved this issue.

In this case, the trial court found that the Commonwealth exercised due diligence because Tpr. Bryant's patrol sergeant provided his schedule directly to the district court months before the court hearings and the record established that the district magistrate retained nearly exclusive control over scheduling, largely without input from the Commonwealth. Because the delays attributable to Tpr. Bryant's off-duty absences were beyond the Commonwealth's control, this 224-day delay was not subject to inclusion under Rule 600.

**May 8, 2023 – September 25, 2023; 140 days**

- 10 -

Appellant asserts that her failure to appear before the district magistrate for her preliminary hearings on two occasions during this period should be attributed to the Commonwealth because it failed to exercise due diligence in locating her and arranging her transportation to court. Appellant, however, was granted unsecured bail on October 3, 2022, and it was, therefore, her responsibility to appear in court. *See Commonwealth v. Byrd*, 472 A.2d 1141, 1143-1144 (Pa. Super. 1984) (Commonwealth is entitled to count resulting period of delay as excludable time under Rule 600 and a showing of due diligence is not required). Appellant's contention here merits no relief.

**October 2, 2023 – October 30, 2023; 28 days**

The trial court concluded that the 28-day period between the preliminary hearing scheduled on October 2, 2023, and the continued hearing date of October 30, 2023, should not be included in the Rule 600 calculation. In reaching this determination, the trial court relied upon ADA McGuire's testimony at the Rule 600 hearing, which showed that Appellant was present in the courtroom on October 2, 2023, but that Tpr. Bryant was delayed because of an unscheduled patrol call. When Tpr. Bryant appeared in court around 11:30 a.m., Appellant left the courtroom to go to work. Because the Commonwealth was ready to proceed and Appellant's departure led to the continuance on this date, the court found that the ensuing delay of 28 days was not subject to inclusion under Rule 600. The testimony at Appellant's Rule 600 hearing established that the October 2, 2023 preliminary hearing

could not proceed due to Appellant's early departure and Tpr. Bryant's unscheduled delay. Because these circumstances were beyond the Commonwealth's control and were not attributable to prosecutorial inaction, we conclude that the record supports the trial court's findings.

As stated above, defense counsel confirmed at Appellant's Rule 600 hearing that the 21-day period reflecting the time between the issuance of Appellant's criminal summons and its acceptance should not be included in the Rule 600 time calculation. Moreover, Appellant requested and received a continuance on January 29, 2024, and filed her Rule 600 motion on March 1, 2024. Thus, this 32-day period is also not subject to inclusion. Thereafter, the time attributable to resolution of Appellant's Rule 600 motion and the brief period which elapsed leading up to Appellant's trial are likewise not includable. In short, when we account for all of the periods of time that were not subject to inclusion under Rule 600 between the filing of the criminal complaint and the commencement of trial, we agree with the Commonwealth that only 242 days elapsed for purposes of Rule 600. Accordingly, we conclude that the trial court did not abuse its discretion in denying Appellant's motion to dismiss.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/17/2026</u>